Wayne PETTIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–84–0035–CR.

Court of Appeals of Texas,
Amarillo.

May 22, 1985.

Jean Shotts, Perryton, for appellant.

Bruce Roberson, County Atty., Perryton,
for appellee.

Before REYNOLDS, C.J., and DODSON
and BOYD, JJ.

BOYD, Justice.

Appellant Wayne Pettis brings this appeal from his conviction of the misdemeanor offense of driving while intoxicated and the consequent jury-assessed punishment of thirty days confinement in the Ochiltree county jail and a fine of $300. We reverse the conviction and remand for new trial.

In attacking the judgment, appellant brings one ground of asserted error. In that ground, he says the trial court erred in failing to ascertain whether appellant made a voluntary, knowing and intelligent waiver of his right to counsel. Of course, as is evident from appellant's ground of error, he represented himself at the trial on the merits.

■ It is now axiomatic that the Fourteenth Amendment to the United States Constitution extends to the states, as a matter of due process, the Sixth Amendment provision of that Constitution which provides that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. *Gideon v. Wainwright,* 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963); *Webb v. State,* 533 S.W.2d 780, 783 (Tex.Crim.App. 1976). That constitutional right is applicable to both felony and misdemeanor cases. *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972).

■ An accused may waive his right to counsel. *Id.; Ex Parte Ross,* 522 S.W.2d 214, 220 (Tex.Crim.App.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975). However, in order for that waiver to be valid, it must be made knowingly and voluntarily. *Parker v. State,* 545 S.W.2d 151, 155 (Tex.Crim.App. 1977). A waiver is ordinarily "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). That waiver will not be lightly inferred; the courts will indulge every reasonable presumption against the waiver of fundamental rights. *Id.* A heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex Parte Bird,* 457 S.W.2d 559, 560 (Tex.Crim.App. 1970). A waiver of the right to counsel will not be presumed from a silent record. *See Carnley v. Cochran,* 369 U.S. 506, 515–16, 82 S.Ct. 884, 889–90, 8 L.Ed.2d 70 (1962). The determination of whether there has

been an intelligent waiver of the right to counsel must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. *Ex Parte Auten,* 458 S.W.2d 466, 469 (Tex.Crim.App.1970).

■ Requisite to a defendant's competent and intelligent choice of self-representation is that he be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). At one time, it appeared to be the opinion of the Court of Criminal Appeals that, in order to determine the validity of such a waiver, the trial court must inquire into a defendant's background, age, education and experience, and the record must reflect those inquiries. *Geeslin v. State,* 600 S.W.2d 309, 313 (Tex. Crim.App.1980).

However, in *Martin v. State,* 630 S.W.2d 952, 954 (Tex.Crim.App.1982), the Court said that such an inquiry is not necessary in a case where "the record may otherwise be sufficient for the Court to make 'an assessment of [the defendant's] knowing exercise of the right to defend himself.'" In *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App.1984), the Court quoted with approval the Supreme Court's statement in *Von Moltke v. Gillies,* 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948):

[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right, does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other

facts essential to a broad understanding of the whole matter. *A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.* [Emphasis added.]

The attenuated record before us does not contain a statement of facts covering evidence produced at the trial or any preliminary hearings. It does contain a transcript and a statement of the evidence produced at the hearing on appellant's motion for new trial, which evidence consisted solely of appellant's testimony.

█ In summary, the record before us shows that appellant was charged with the instant offense on or about October 3, 1983. He was arraigned on October 19, 1983. At that time, appellant asked for the appointment of counsel "three to five times." He was employed, but "was hardly working. It was like one day a week, that kind of stuff," and, although he was out on a $500 cash bond, he "had about twenty-three bucks." At arraignment, he again requested the appointment of counsel. Appellant testified that the "Judge asked me if I was employed and that was it. I said 'Yes,' and he said that was it." In addition, the judge was made aware that appellant had posted a cash bond. Appellant also said that after he repeated his request for counsel he was told by the court "that if I repeated it anymore I'd be held in contempt of Court."

Later, on October 31, 1983, appellant executed the following instrument, denominated "Waiver of Right to Counsel:"

I have been informed by the Judge of this Court that I have the right to the assistance of an attorney of my choice before entering a plea in this cause. I have been informed that I also have an opportunity to contact an attorney if I desire. It is my desire and choice to enter my plea without the benefit of an attorney's presence or consultation. I know and understand what the charge is against me and have been advised by the

Court what the punishment as provided by law is, and have been warned by the court that I do not have to plead guilty, that I can enter a plea of not guilty or nolo contendre [sic], and be tried by the Court or by a Jury. I am of sound mind and know what I am doing and it is my desire and wish to enter my plea without benefit of an attorney or counsel and it is my desire to waive my right to counsel and attorney.

[signed by Wayne Pettis]
WAYNE PETTIS

SWORN TO AND SUBSCRIBED BEFORE ME by Wayne Pettis this 31st day of October, 1983.

[signed by Teresa Cotter]
NOTARY PUBLIC in and for the State of Texas

With respect to the critical area of the circumstances surrounding the execution of the waiver, the record shows the following dialogue on direct examination:

Q. Were you fully informed of the consequences of your waiving the right to counsel?

A. Yes, sir.

Q. Okay. Do you recall exactly what was told you as far as your waiving counsel?

A. That I be held in contempt of court if I didn't—if I pursued anymore.

Q. Yeah. But were you informed of . . .

A. Like if they told me, you have the right, your constitutional rights? No, I was not informed on that.

The record shows the following, upon cross-examination:

Q. All right. You were aware of your right to appointed counsel?

A. Yes, sir.

Q. And some two weeks after your arraignment you came back into this courtroom and requested appointed counsel again, is that correct?

A. Say it again?

Q. Well, when you filed this, when you signed this waiver of right to coun-

sel, didn't you come in and tell the Court?

A. You're saying about my arraignment and then in two weeks?

Q. Well, you signed the waiver of right to counsel two weeks later, is that correct? That's the evidence that's before us.

A. Okay. If that's what the evidence is.

Q. And, in fact, you came into Court and told the Court that you had in fact waived the right to counsel.

A. Under contempt of Court.

Q. But you told the Court, I'm not asking—I just want you to work with me. Your lawyer can ask you questions.

A. Yes, sir.

Q. You came into Court, you signed the documents that's a waiver of right to counsel, came into the courtroom and I believe I actually laid it up on the Court's bench, on the Judge's bench, didn't I?

A. I can't recall.

Q. But we were in the courtroom, weren't we, when that document was presented to the Court?

A. If you say so. I can't remember.

Q. I say so. Do you dispute it, let me put it that way?

A. No, I don't.

Q. All right. So, we've established then, that you were aware of your right to appointed counsel, that you were employed, that you were out on a $500 cash bond, that you came into Court for arraignment, you requested the appointment of counsel, the Court did something, here that you can't recall, ya'll [sic] talked for a minute, you can't recall.

A. I can recall it perfectly.

Q. All right. After that, you left, came back in two weeks, signed the waiver of right to counsel and then it was filed with the Court. Am I correct?

A. Yes.

Our examination of the record in this case convinces us that it falls far short of satisfying the State's heavy burden to demonstrate appellant's voluntary and knowing waiver of his right to counsel. Nothing in the waiver itself nor the circumstances surrounding the execution of the waiver shows anything about appellant's background, age, education or experience, or that he was made aware of the dangers and disadvantages of self-representation. Furthermore, the record is not otherwise sufficient for this Court to make an assessment of appellant's knowing exercise of his right to defend himself and that his choice to waive counsel was made with his "eyes open." Reversal is therefore mandated.

The judgment is reversed and the cause remanded for new trial.